IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT MITCHELL WUNDERLICH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-025 |
| | ) | |
| ED CONKLIN; BOWLERO, INC.; and, | ) | |
| UNITED STATES BOWLING CONGRESS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). For the reasons stated below, the Court recommends dismissal of all claims against the defendants.

**I.   BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Ed Conklin; (2) Bowlero, Inc.; and (3) United States Bowling Congress ("USBC"). (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In the fall of 2021, Plaintiff participated in a bowling league at Bowlero on Washington Road in Augusta, Georgia with his teammates: Michael McArdle, Jason Thompson, Shannon

McDaniels, Brian Peters, and Jon Lambert.  (Doc. no. 1, pp. 8-9, 13.)  While they participated in their weekly bowling matches, Plaintiff and his team were ridiculed by the other teams and Ed Conklin, the manager of the Bowlero.  (Id. at 11-15.)  On November 10, 2021, members of "The Strokers" and "Crown Royal Kings #2," other teams that participated in the bowling league, called Plaintiff and his team "sandbaggers" because Plaintiff's team has a high handicap.  (Id. at 11, 13.)  The other players made fun of Jon Lambert's disability, but Plaintiff and his teammates could not make out what they said.  (Id. at 11-15.)  In response, Plaintiff and his team initiated a league meeting and asked other members of the league to "stop [disrespecting] their team."  (Id. at 13.)

The next week, on November 17, 2021, Ed Conklin harassed Plaintiff and his team by "ridiculing and rushing" them during the match.  (Id. at 13.)  Plaintiff and his team asked league officials to intervene to put a stop to the harassment, but nothing was done.  (Id. at 13.)  At an unspecified time after the November 17th match, Plaintiff and his team withdrew from the bowling league because they felt "victimized by Mr. [] Conklin and other league bowlers."  (Id. at 5.)  Two months after the incident, on January 6, 2022, Plaintiff and Michael McCardle filed a complaint with the Richmond County Sheriff's Office concerning the events that took place on November 17th.  (Id. at 7-8.)

Plaintiff now brings this suit against Mr. Conklin, Bowlero, and USBC for (1) "Disability Discrimination"; (2) "Violation of [his] Civil and Constitutional Rights," specifically his rights under the Fourteenth Amendment; (3) "Federal Hate Crimes"; and (4) state law tort claims for verbal assault, verbal abuse, and bullying.  (Id. at 4, 9.)  Plaintiff seeks an unspecified amount of compensatory damages.  (Id. at 5.)

## II. DISCUSSION

### A. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.   Plaintiff's Claims Under the ADA Should Be Dismissed Because Monetary Relief is not Available**

As discussed above, Plaintiff names as Defendants in this suit: (1) Ed Conklin, (2) Bowlero, Inc., and (3) the USBC. (Doc. no. 1, p. 1.) However, Plaintiff does not name members of the other bowling teams, the Strokers and the Crown Royal Kings #2, as Defendants nor does he allege any of the team members are employed by Bowlero or the USBC. Therefore, the insults allegedly made by the other bowlers cannot form the basis of a claim against the named Defendants and will not be considered for purposes of screening.

While Plaintiff does not provide a statutory basis for his disability discrimination claim, the Court presumes Plaintiff is proceeding under Title III of the Americans with Disabilities Act ("ADA"). Title III of the ADA provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by a person who owns, leases (or leases to), or operates a place of public accommodation." In suits by private individuals, however, equitable relief is the only remedy the Courts may provide. Jairath v. Dyer, 154 F.2d 1280, 1283 n.7 (11th Cir. 1998); 42 U.S.C. §§ 12188(a)(2)-(b)(2). Accord Goodwin v. C.N.J., Inc., 436 F.3d 44, 49-51 (1st Cir. 2006) (holding monetary damages are unavailable under Title III of the ADA). Therefore, Plaintiff's claim under the

4

ADA should be dismissed because he only seeks monetary relief, which is unavailable in civil actions brought under the by private individuals.

### C. Plaintiff's Fourteenth Amendment Claim Should be Dismissed Because the Named Defendants are not State Actors

Plaintiff's claim under the Fourteenth Amendment should be dismissed because the named Defendants are not state actors and Plaintiff does not allege that Mr. Conklin was engaging in state action when he ridiculed Plaintiff and his team. "The Fourteenth Amendment . . . [does] not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO, 860 F.2d 1022, 1024 (11th Cir. 1988) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974)). Private action may be considered state action where the government "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must be in law deemed to be that of the [government].'" San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 546 (1987) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)) (alteration in original).

Here, Plaintiff seeks recovery against three private citizens or entities under the Fourteenth Amendment. However, Plaintiff does not allege the government was involved in any of the events. Plaintiff alleges Mr. Conklin acted in his individual capacity or in his capacity as an employee of Bowlero or USBC when he bullied Plaintiff and his team but fails to allege how Mr. Conklin's actions are connected to a government entity. (See id. at 4-5, 11-15.) Therefore, Plaintiff's Fourteenth Amendment claim should be dismissed because the Fourteenth Amendment does not apply to private parties that were not coerced or encouraged

into taking the alleged illegal activity by the government.  National Broadcasting Co., Inc., 860 F.2d at 1024.

### D. Plaintiff Lacks Standing to Bring a Claim for a Federal Hate Crime

Plaintiff does not provide a legal basis for his hate crime claim, but the claim presumably arises under 18 U.S.C. § 249, a criminal statute.  To determine whether a statute provides for a private right of action, the court will first look for "rights-creating language" that "explicitly [confers] a right directly on a class of persons that includes the plaintiff."  Love v. Delta Air Lines, 310 F.3d 1347, 1352 (11th Cir. 2002) (internal quotations and alterations omitted).  Criminal statutes are "enacted for the protection of the general public" and provide "far less reason to infer a private remedy in favor of individual persons."  Love, 310 F.3d at 1352-53 (quoting Cannon v. University of Chi., 441 U.S. 677, 690-93 (1979)).  Accordingly, the Supreme Court "has rarely implied a private right of action under a criminal statute" and has only done so when "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

18 U.S.C. § 249 does not have any "rights-creating language" to form the basis of a private right of action.  The statute merely outlines when the United States may prosecute someone for a hate crime and provides the penalties.  18 U.S.C. § 249.  Thus, 18 U.S.C. § 249 does not create a private right of action because it only generally provides for the protection of the general public and does not confer rights on a specific class of persons.  Nazer v. City of St. Petersburg, No. 8:16-cv-02259-CEH-JSS, 2017 WL 3877631 at *5 (M.D. Fla. Sept. 5, 2017) (finding no private right of action under 18 U.S.C. § 249).  Plaintiff's claim for federal

hate crimes should therefore be dismissed because there is no private right of action for a hate crime.

### E. Plaintiff's Remaining Claims Should be Dismissed for Lack of Jurisdiction

Plaintiff also asserts claims for "verbal assault," "verbal abuse," and bullying, which can be fairly characterized as tort claims for assault and intentional infliction of emotional distress, which are defined by Georgia common law. Normally, the Court could exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because the claims are a part of the same case or controversy as Plaintiff's. However, if all of Plaintiff's claims over which the Court has original jurisdiction are dismissed, the Court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, Plaintiff's federal claims under the ADA, the Fourteenth Amendment, and 18 U.S.C. § 249, which the Court has original jurisdiction over, should be dismissed. Out of the respect for comity among state and federal courts, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining tort claims. Plaintiff's claims for verbal assault, verbal abuse, and bullying should therefore be dismissed.

### F. The Complaint Should be Dismissed Because Plaintiff Fails to State a Claim

Even if the Court could hear all of Plaintiff's claims, the complaint should be dismissed because Plaintiff's allegations are conclusory. In order to survive screening, Plaintiff must state a claim that is "plausible on its face" and includes enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. A complaint is insufficient if it offers "a formulaic recitation of the elements of cause of action" or "tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555,

7

557). Here, Plaintiff merely alleges Mr. Conklin "ridiculed Plaintiff's team" and "yelled at [them] to hurry up and bowl." (Doc. no. 1, pp. 4-5, 13.)

Plaintiff does not provide any additional facts or allegations except for the naked allegation that Mr. Conklin insulted and verbally bullied Plaintiff and his team. (Id. at 4-5, 11-15.) Plaintiff does not include any specifics about what was said by Mr. Conklin and only alleges that Mr. Conklin "ridiculed" them. (Id.) Plaintiff does not allege he was denied the opportunity to participate in the league because of his disability or was not accommodated. None of the behavior described by Plaintiff comes close to satisfying the elements of any potential civil claim under state or federal law, including the claims and statutes specified by Plaintiff. In short, coarse language and hurt feelings during a sporting event do not state a claim for relief under federal or civil law. Therefore, all Plaintiff's claims should be dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendants Ed Conklin, Bowlero, Inc., and the USBC. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA